IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL GREEN,

                Plaintiffs,              OPINION AND ORDER

   v.

                                            25-cv-195-wmc

ARGENT COMPANIES and ANYTIME FITNESS,

                Defendants.

---

Plaintiff Michael Green, who represents himself, has filed a complaint (dkt. #1) and proposed amended complaint (dkt. #4), which the court will consider a supplement to his initial complaint, alleging that defendant Argent Companies and its subsidiary, defendant Anytime Fitness:[1] (1) discriminated against him on the basis of his race and political affiliation in conjunction with a gym membership, in violation of Titles II and VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981; and (2) breached his gym membership contract by enforcing "predatory contractual terms." Because plaintiff seeks to proceed without prepayment of the entire filing fee, the next step is to screen his complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e)(2)(B). The court accepts plaintiff's allegations as true and construes them generously, holding his pro se complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). For the following reasons, the court concludes that plaintiff's allegations fail to

---

[1] Plaintiff named Argent Companies as the sole defendant in his original complaint and then added Anytime Fitness as a defendant in his later-filed amended complaint.

state a federal statutory claim upon which relief can be granted and do not support any other claim that this court can hear. However, the court will give plaintiff a brief opportunity to amend his complaint if he wishes to do so.

## ALLEGATIONS OF FACT[2]

On or around November 22, 2024, plaintiff Michael Green, who is African American, entered into a gym membership contract with defendant Anytime Fitness at its Monona, Wisconsin location. During the enrollment process, plaintiff and the gym manager discussed the recent presidential election and the fact that plaintiff supported Donald Trump. Thereafter, the employees and members of Anytime Fitness created a hostile environment for plaintiff by making comments disapproving of and disparaging plaintiff for being an African American supporter of the President. For example, staff and guests asked plaintiff him why a black person such as himself would vote for or support President Trump.

On February 4, 2025, a gym member at the Monona location harassed plaintiff about his political leanings, and when plaintiff complained, a staff member said it was plaintiff's fault and told plaintiff to stop bothering the other guest. Later the same day, plaintiff went to work out at the gym's Sherman Avenue location, where an employee named Rob told plaintiff that the gym wanted to terminate plaintiff's membership for a

---

[2] In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously, resolving ambiguities and making reasonable inferences in plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). As a result, the allegations of fact in this section, which are taken from the original complaint (dkt. #1) and proposed amended complaint (dkt. #4), are presumed true for the purpose of screening.

2

refund, but plaintiff declined the offer. After plaintiff completed his workout and was changing his clothes, a City of Madison police officer told plaintiff that Anytime Fitness had voided his contract and wanted plaintiff to leave. Following an argument, the officer confiscated plaintiff's key fob and arrested him for trespass.

OPINION

Plaintiff generally contends that defendants discriminated against him on the basis of his race and political affiliation by harassing him, enforcing exorbitant cancellation and other gym fees, and preventing him from fully benefiting from his gym membership contract. The court understands plaintiff to be asserting liability under Titles II and VII of the Civil Rights Act, 42 U.S.C. § 1981, and state contract law.

I. Federal Statutory Claims

   A. Civil Rights Act

While plaintiff seeks to bring discrimination claims against defendants under both Titles II and VII of the Civil Rights Act, Title VII only applies to employers and, therefore, is not applicable in this case. *See* 42 U.S.C. § 2000e–2(a). Still, Title II of the Civil Rights Act prohibits discrimination on the basis of race, color, religion, or national origin in places of public accommodation. 42 U.S.C. § 2000a; *Flores v. Progressive Ins.*, No. 23-cv-398, 2024 WL 1701705, at *3 (W.D. Wis. Apr. 19, 2024); *Jacobs v. Schermitzler*, No. 22-C-386, 2022 WL 17361709, at *3 (E.D. Wis. Dec. 1, 2022). The court will assume for purposes of this opinion that the Anytime Fitness gyms that plaintiff visited are places of public accommodation under these statutes.

To state a claim under Title II, plaintiff must allege facts *plausibly* suggesting that gym staff prevented plaintiff from fully and equally enjoying the gym's goods, services, facilities, privileges, advantages, and accommodations based on his race. *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 777 (7th Cir. 2022). However, plaintiff alleges that Anytime Fitness employees and guests harassed him and eventually terminated his gym membership based on his political affiliation, which does not fall within Title II's protections. While plaintiff alleges that defendants' staff and guests referred to the fact he is black, the bare assertion that the individuals questioned plaintiff's voting preference as an African American does not plausibly suggest that any gym employee violated Title II. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face"); *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) (to state a discrimination claim, "the plaintiff must give enough details about the subject-matter of the case to present a story that holds together"). Accordingly, the court will not allow plaintiff to proceed against defendants under either Title II or Title VII.

B. Section 1981

Originally adopted as part of the Civil Rights Act of 1866, the current version of § 1981 was last amended in 1991, and guarantees that "[a]ll persons . . . shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens." 42 U.S.C. § 1981(a). Stated simply, "section 1981 prohibits race discrimination in the making and enforcing of contracts." *O'Leary v. Accretive Health, Inc.*, 657 F.3d 625, 630 (7th Cir. 2011). To prevail on a claim under § 1981, therefore, "a plaintiff must initially plead and

4

ultimately prove that, but for race, [he] would not have suffered the loss of a legally protected right." *Comcast Corp. v. Nat'l Ass'n of African-Owned Media*, 589 U.S. 327, 341 (2020). As discussed above, plaintiff has not plausibly alleged that defendants discriminated against him based on race, versus his political affiliation, in executing and later cancelling his gym contract. Therefore, plaintiff also will be denied leave to proceed against defendants under § 1981.

## II.  State Law Claim

Finally, plaintiff suggests that defendants breached his membership contract by summarily terminating it, confiscating his key fob, and having him arrested for trespassing. However, any such claim would fall under state contract law and must be brought in state court. Without a federal-law claim in this case, this court cannot consider plaintiff's state-law claim unless he were to show that the following requirements for the court's diversity jurisdiction are met:  (1) he and defendants are citizens of different states; and (2) more than $75,000 is in controversy. 28 U.S.C. § 1332. Plaintiff's allegations do not satisfy these requirements. Therefore, this court cannot exercise diversity jurisdiction over any potential state-law claim.

## III.  Leave to Amend

Absent a viable claim, plaintiff's complaint must be dismissed under 28 U.S.C. § 1915A(b). The Seventh Circuit has cautioned against dismissing an unrepresented plaintiff's case without giving the plaintiff a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). Accordingly, the complaint will be dismissed

without prejudice to plaintiff filing an amended complaint that may provide some basis for the court to infer racial animus on the part of one or both defendants, if he wishes to do so, within 30 days.

ORDER

IT IS ORDERED that plaintiff Michael Green's complaint is DISMISSED without prejudice to plaintiff's filing an amended complaint no later than **December 5, 2025**. If plaintiff does not file an amended complaint within the time allowed, this case will be dismissed with prejudice for failure to state a claim upon which relief may be granted.

Entered this 5th day of November, 2025.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge